# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00518-CV

**Jose Robledo, Appellant**

**v.**

**The City of Austin Firefighters' and Police Officers' Civil Service Commission and
The City of Austin, Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-13-000149, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Robledo filed his notice of appeal in this cause on August 2, 2013. He acknowledges, however, that the notice of appeal was due on July 2, 2013 and, thus, is untimely. *See* Tex. R. App. P. 26.1 (notice of appeal due 90 days after judgment is signed if any party timely files motion for new trial). Consequently, pursuant to rule of appellate procedure 26.3, Robledo seeks an extension of time to file his notice of his appeal, asserting that the failure to timely file the notice of appeal was due to his attorney's calendaring error. *See* Tex. R. App. P. 26.3.

In accordance with rule 26.3, this Court has discretion to extend the time for filing the notice of appeal, but only if the notice of appeal and motion to extend the filing deadline are filed "within 15 days after the deadline for filing the notice of appeal." *Id.* Robledo's notice of appeal and motion for extension of time were filed on August 2, 2013, and thus were not filed within 15 days after the deadline for filing the notice of appeal. We are not authorized to suspend a rule's

operation in a particular case or order a different procedure if doing so would alter the time for perfecting an appeal. *See* Tex. R. App. P. 2. Accordingly, we are without jurisdiction to grant the relief requested, and we have no choice but to dismiss the untimely appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Stelzer v. Telserv Comm., Inc.*, 2002 WL 99638, at *1-2 (Tex. App. Austin, Jan. 25, 2002, no pet.) (mem. op.) ("When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction.").

We dismiss the appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: August 30, 2013